ADRIAN M. PRUETZ, ESQ.
California Bar No: 118215
*(Pro hac vice Application Forthcoming)*
apruetz@glaserweil.com
ERICA J. VAN LOON, ESQ.
California Bar No.: 227712
*(Pro hac vice Application Forthcoming)*
evanloon@glaserweil.com
CHRISTOPHER I. JACKSON, ESQ.
California Bar No.: 254001
*(Pro hac vice Application Forthcoming)*
cjackson@glaserweil.com
GLASER WEIL FINK JACOBS
 HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

ROBERT LARSEN,
Nevada Bar No.: 7785
rlarsen@glaserweil.com
GLASER WEIL FINK JACOBS
 HOWARD AVCHEN & SHAPIRO LLP
3763 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
Telephone: (702) 650-7910
Facsimile: (702) 650-7960

Attorneys for Plaintiff
Shuffle Master, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>TIM JENSEN d/b/a TLJTEK, an individual; and GAPP TECHNOLOGY, INC., a Missouri corporation,<br><br>Defendants. | CASE NO.: 2:12-cv-01271-JCM-RJJ<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

773677

Having considered the Complaint on file in this action, Shuffle Master, Inc. ("SMI") on the one hand and Tim Jensen, doing business as TLJTEK, an individual ("JENSEN") and GAPP TECHNOLOGY, INC., a Missouri corporation ("GAPP"), on the other, having consented to the terms of the permanent injunction set forth below, this Court hereby finds as follows:

1. This case arises under the laws of the United States, specifically the trademark and copyright laws of the United States, 15 U.S.C. §1114 *et seq.* and 17 U.S.C. §101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as to form part of the same case or controversy.

3. This Court has personal jurisdiction over JENSEN and GAPP because they solicit, transact and do business in this District, a substantial part of the wrongful acts or omissions complained of occurred in this District, and they are subject to personal jurisdiction in this District. JENSEN and GAPP purposefully directed their activities toward the District of Nevada when they willfully infringed SMI's intellectual property rights, knowing that SMI has its principal place of business in the District of Nevada.

4. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and (c).

5. SMI owns and extensively uses several federal and state trademarks, which it has continuously used in connection with entertainment services and games, including: CASINO WAR, U.S. Trademark Reg. No. 1,860,468, and Nevada Trademark Reg. No. C20120606-2408; THREE CARD POKER, U.S. Trademark Reg. Nos. 2,233,569; 2,397,403; 2,650,060; 3,011,356; and 4,109,825, and Nevada Trademark Reg. Nos. C20120619-1584 and C20120619-1671; and PAIR PLUS, Nevada Trademark Reg. No. C20120619-1484.

6. SMI is also the owner of exclusive copyrights in its proprietary THREE CARD POKER game design and layout, which was published as early as January 1, 1996, and is registered with the United States Copyright Office, Reg. No. VA1-680-816.

7. The above-identified trademark and copyright registrations are all valid and

1  subsisting and are conclusive evidence of SMI's exclusive right to use the marks and designs shown
2  therein in connection with entertainment services and games.

3    8.   On July 17, 2012, SMI filed a Complaint alleging, *inter alia*, that JENSEN and
4  GAPP manufacture, market, distribute, display, and sell electronic games and gaming applications
5  ("Apps") for Apple (iPhone, iTouch, iPad), Google (Android), and Amazon (Kindle) devices,
6  including games entitled "Casino War" and "3 Card Poker," which include a side bet entitled "Pair
7  Bonus" (collectively the "Infringing Apps").

8    9.   The Infringing Apps are confusingly similar to SMI's registered federal and state
9  trademarks and are found in Jensen's App entitled "21-in-1 Casino and Sportsbook," which is
10 available through at least Apple's App Store.

11   10.  SMI has no adequate remedy at law and the alleged harm to SMI, and to the public,
12 outweighs the harm to any legitimate interests of JENSEN and GAPP.

13   11.  SMI, on the one hand, and JENSEN and GAPP, on the other, desire to avoid the cost
14 and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that
15 the Court retain continuing jurisdiction in the event of the breach of the separate settlement
16 agreement between SMI and JENSEN and GAPP relating to this case (the "Settlement Agreement")
17 or this Consent Judgment and Permanent Injunction, or other need for judicial intervention.

18   In accordance with the Settlement Agreement, and except as otherwise agreed therein, the
19 parties hereto stipulate and agree to the entry of a permanent injunction against JENSEN and GAPP
20 in the form set forth below.

21   It is hereby ORDERED, ADJUDGED, and DECREED that:

22   1.   <u>SMI's Trademarks and Copyrights are Valid and Enforceable</u>. SMI's CASINO
23 WAR, THREE CARD POKER, and PAIR PLUS marks and copyright are arbitrary, valid, and
24 enforceable, with U.S. Trademark Reg. Nos. 1,860,468; 2,233,569; 2,397,403; 2,650,060; and
25 3,011,356 being incontestable.

26   2.   <u>Permanent Injunction</u>. JENSEN and GAPP, and all of their respective agents,
27 officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for,
28 with, by, through, or under authority from JENSEN or GAPP, or in concert or participation with

3

JENSEN or GAPP, and each of them, are **permanently enjoined and restrained**, from directly or indirectly infringing SMI's trademarks or copyrights in any manner, including but not limited to:

a. Reproducing, distributing, displaying, selling or offering for sale products that copy protected elements of SMI's products or are substantially similar to SMI's products, including but not limited to the CASINO WAR, THREE CARD POKER, and PAIR PLUS games;

b. Aiding and abetting the reproduction, distribution, display, sale or offer for sale of products that copy protected elements of SMI's products or are substantially similar to SMI's products, including but not limited to the CASINO WAR, THREE CARD POKER, and PAIR PLUS games;

c. Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the CASINO WAR, THREE CARD POKER, and PAIR PLUS marks or copyrighted works; or any confusingly similar copies thereof;

d. Using, offering for sale, or selling, SMI's CASINO WAR, THREE CARD POKER and PAIR PLUS marks or copyrighted works or any other copy, reproduction, colorable imitation, or simulation of SMI's CASINO WAR, THREE CARD POKER, and PAIR PLUS marks or copyrighted works on or in connection with any products;

e. Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on, or in connection with any goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to SMI's CASINO WAR, THREE CARD POKER, and PAIR PLUS marks or copyrighted works;

f. Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with any goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such

goods are produced or provided by SMI, are sponsored or authorized by SMI, or are in any way connected or related to SMI;

    g.  Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with any goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of SMI; and

    h.  Passing off, palming off, or assisting in passing off or palming off any goods as those of SMI, or otherwise continuing any and all acts of unfair competition;

3. <u>Payment of Settlement Sum</u>. JENSEN and GAPP shall pay SMI the agreed upon sum on the date set forth in the Settlement Agreement.

4. <u>Service</u>. Service may be made upon JENSEN and GAPP by mail addressed as follows: Tim Jensen, 1405 NE 106th Place, Kansas City, Missouri 64155. A copy of this Consent Judgment and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65. Such service is permissible, notwithstanding JENSEN and GAPP's representation by counsel. It shall not be necessary for Jensen to sign any form of acknowledgment of this service.

5. <u>Retention of Jurisdiction to Enforce Settlement Agreement and Consent Judgment and Permanent Injunction</u>. The Court retains jurisdiction to enforce the Settlement Agreement and the Consent Judgment and Permanent Injunction.

6. <u>Entry of Judgment</u>. The Court expressly determines that there is no just reason for delay in entering this Consent Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Consent Judgment and Permanent Injunction against JENSEN and GAPP.

7. <u>Dismissal of Claims</u>. The claims asserted in SMI's Complaint against JENSEN and GAPP are hereby dismissed, with each party bearing its own costs, including attorneys' fees.

**STIPULATED AND CONSENTED TO BY:**

DATED: ~~July ___, 2012~~ August 8, 2012      SHUFFLE MASTER, INC.

```
                                                    By: _____
                                                    Kathryn S. Lever
                                                    General Counsel

        DATED: August 8, 2012                       GAPP TECHNOLOGY, INC.
               TJ
                                                    By: _____
                                                    Tim Jensen
                                                    Principal


                                                    TIM JENSEN, an individual, dba TLJTEK

                                                    By: _____
                                                    Tim Jensen



        IT IS SO ORDERED:

        Dated: August 9, 2012
                                                    _____
                                                    HON. JAMES C. MAHAN
                                                    United States District Court Judge
```

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP